# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | **CASE NO. 5:16-CR-0154-SLB-SGC** |
| | ) | |
| **FREDERICK LAMAR BURNETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on the Government's "Motion in Limine to Exclude Legal Opinion Testimony. (Doc. 65.) The Government's Motion seeks "to limit the possible testimony about legal advice provided to Defendant," to evidence to which a proper foundation is laid and to exclude "detailed testimony about an attorney's interpretation of the law." (*Id*.)

Should Burnett seek to present a defense based on his good faith reliance on the advice of counsel, he is required to prove that he "fully disclosed to his attorney all material facts that are relevant to the advice for which he consulted the attorney;" and that "he relied in good faith on the advice given by his attorney." *United States v. Vernon*, 723 F.3d 1234, 1269 (11th Cir. 2013). Therefore, the relevant evidence is the fact of the information provided (or not provided) by Burnett to the attorney and the fact of the opinion given. "Whether the defendant fully disclosed the relevant facts, failed to disclose all relevant facts, or concealed information from his advisor, and relied in good faith on his advisor are matters for the jury – not the court – to determine, under proper instruction." *Id*.

The Government's Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** as to expert opinion evidence as to the correctness of the legal advice received. The Motion is **DENIED** as to evidence of the fact of the advice and/or opinion received.

Dated this 17th day of April, 2017.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE